**FILED**
Dec 23, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TALBERT
United States Attorney
ROGER YANG
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER A. KAUFMAN,<br><br>Defendant. | CASE NO. 2:24-cr-0329 DJC<br><br>18 U.S.C. § 1955(a) – Conducting an Illegal Gambling Business; 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N F O R M A T I O N

The United States Attorney charges: T H A T

JENNIFER KAUFMAN,

defendant herein, between in or about February 2021, and continuously thereafter up to and including July 2023, in the State and Eastern District of California, and elsewhere did conduct, manage, and direct all or part of an illegal gambling business, to wit a gambling business involving supplying, operating, and maintaining video slot machines and devices and involving receiving, holding, and forwarding money to be staked, pledged, bet, and wagered upon the result of a contest between persons and mechanical apparatus, in violation of the laws of the State of California, to wit, California Penal Code §§ 330b and 337a(a)(3), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said illegal gambling business, and which remained in

substantially continuous operation for a period in excess of thirty days and had gross revenue of $2,000.00 in any single day, all in violation of Title 18, United States Code, Sections 2 and 1955(a).

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in this Information, defendant JENNIFER A. KAUFMAN shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d), and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

   a. A sum of money equal to the total amount of proceeds traceable to such offenses, for which the defendants are convicted.

2. If any property subject to forfeiture, as a result of the offense alleged in this Information, for which the defendant is convicted:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

Dated:  December 23, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/  Heiko P. Coppola
HEIKO P. COPPOLA
Assistant United States Attorney

INFORMATION                         2

## United States v. Jennifer Kaufman
## Penalties for Information

**COUNT 1:**

VIOLATION:	18 U.S.C. § 1955(a) – Conducting an Illegal Gambling Business

PENALTIES:	A maximum of up to 5 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of at least 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**

VIOLATION:	18 U.S.C. §§ 981(a)(1)(C), 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:	As stated in the charging document